FILED
CLERK, U.S. DISTRICT COURT
JUN 2 6 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PEDRO RENE GARCIA,<br><br>　　　　　　Defendant. | Case No.: CR 08-1191-GW<br><br>ORDER OF DETENTION AFTER HEARING<br>[18 U.S.C. §§ 3148(b), 3143(a)] |

　　On June 26, 2015, defendant Pedro Rene Garcia made his initial appearance in this district.

　　Defendant had previously appeared in the District of Nevada on June 17, 2015 pursuant to a warrant issued by the United States District Court for the Central District of California for alleged violation(s) of the terms and conditions of supervised release. At the initial appearance in the District of Nevada, defendant was detained pending his removal to the Central District of California.

　　The Court has reviewed the files and records in this matter, and conducted a detention hearing pursuant to 18 U.S.C. §§ 3148(b) and 3143(a).

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

1. There is clear and convincing evidence that defendant violated the terms of his release by failing to surrender for the service of a sentence on February 26, 2015. On January 8, 2015, defendant's supervised release was revoked following a hearing on a petition for supervised release violation, defendant was committed to the custody of the Bureau of Prisons for a term of six months, and ordered to surrender for the service of this sentence on February 26, 2015. When defendant failed to surrender for service of the sentence, a bench warrant was issued.

2. Based on the factors set forth in 18 U.S.C. § 3142(g), there no longer is any condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community if allowed to remain on bail pending his surrender for sentence imposed or future court proceedings.

3. The Court has also taken into account the defendant's extensive criminal history which includes convictions for violent crimes, violations of parole, and failures to comply with grants of supervision.

Further, the Court finds that the defendant's violation of the conditions of his release constitutes a change in circumstances which justifies reconsideration of the decision to allow him to remain on bail pending his surrender for service of sentence. That decision was and is governed by 18 U.S.C. § 3143(a), and the Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community if allowed to remain on bail pending his

surrender for service of sentence imposed.

IT THEREFORE IS ORDERED that the defendant is remanded to the custody of the United States Marshal.

Dated: June 26, 2015.

                                          /s/
                                      ALKA SAGAR
                            UNITES STATES MAGISTRATE JUDGE